# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

1. KAREN ANNETTE FOSTER-BLACKWOOD,
2. JEAN RENEE BLACKWOOD-FOSTER,
3. PATRICIA KAY FOSTER,

    PLAINTIFFS,

V.  ) Case No. CIV-17-1146-R

1. LIBERTY INSURANCE CORPORATION, a foreign for profit insurance Company,

    DEFENDANT.

## AMENDED COMPLAINT

### A. Parties

1. Plaintiffs, Karen Annette Foster-Blackwood and Jean Renee Blackwood-Foster, are each citizens of the State of Oklahoma. Plaintiff, Patricia Kay Foster is a citizen of Iowa City, Iowa.

2. Defendant, Liberty Insurance Corporation, is a foreign, for-profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3. The principal place of business for Defendant, Liberty Insurance Corporation, is within the State of Illinois.

4. The Defendant, Liberty Insurance Corporation, is licensed to conduct business in the State of Oklahoma and may be served with process through the

Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, owned a home located at 10005 Blackwelder Avenue in Oklahoma City, Oklahoma.

8. On or about March 8, 2017, Plaintiffs' home was damaged as the result of a water leak.

9. At all times material hereto, the Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, were insured under the terms and conditions of an insurance policy, policy No. H37-298-161738-40, issued by the Defendant, Liberty Insurance Corporation. Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, timely submitted a claim to the Defendant (Claim No. 035192724-01).

10. At all times material hereto, Plaintiffs, Karen Annette

Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, complied with the terms and conditions of their insurance policy.

11.  Water damage is a covered peril and the Plaintiffs' damages which occurred on or about March 8, 2017 are not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, Liberty Insurance Corporation.

### D. Count I: Breach of Contract

12.  Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, hereby assert, allege and incorporate paragraphs 1-11 herein.

13.  The property insurance policy No. H37-298-161738-40, issued by the Defendant, Liberty Insurance Corporation, was in effect on March 8, 2017.

14.  The acts and omissions of the Defendant, Liberty Insurance Corporation, in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15.  Defendant's breach of contract includes, but is not limited to, the improper denial of Plaintiffs' claim and the failure to pay for covered damage to the Plaintiffs' home, including water damage to Plaintiffs' drywall and insulation. Defendant, Liberty Insurance Corporation, further breached its contractual and good faith contractual obligations by conducting an unreasonable inspection which failed to

account for all damaged building components including paint, drywall, and insulation. Defendant further breached its contract and its good faith contractual duties by failing to timely implement any qualified dry out/restoration vendors to properly dry out Plaintiffs' home to prevent the development, growth and distribution of mold and other fungal hazards throughout Plaintiffs' home. As a result of the Defendant's unreasonable delay, Plaintiffs' home has been contaminated by mold and other hazardous toxins. Defendant further breached its contractual and good faith contractual duties by failing to communicate with its dry out/restoration contractor regarding the damages to Plaintiffs' home, necessary testing protocols and development of a restoration/remediation scope of work. Defendant further breached its contractual and good faith contractual duties by failing to communicate timely with Plaintiffs about their claim, scope of work, mold remediation and additional living expenses. Defendant has unreasonably failed to consider, evaluate, respond to or pay to repair estimates submitted by Plaintiffs.

### E. Count II: Bad Faith

16. Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, hereby assert, allege and incorporate paragraphs 1-15 herein.

17. The above mentioned acts and omissions of the Defendant, Liberty Insurance Corporation, in the investigation, evaluation, and denial of Plaintiffs'

claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

18.     Defendant's breach of contract includes, but is not limited to, the improper denial of Plaintiffs' claim and the failure to pay for covered damage to the Plaintiffs' home, including water damage to Plaintiffs' drywall and insulation. Defendant, Liberty Insurance Corporation, further breached its contractual and good faith contractual obligations by conducting an unreasonable inspection which failed to account for all damaged building components including paint, drywall, and insulation.  Defendant further breached its contract and its good faith contractual duties by failing to timely implement any qualified dry out/restoration vendors to properly dry out Plaintiffs' home to prevent the development, growth and distribution of mold and other fungal hazards throughout Plaintiffs' home.  As a result of the Defendant's unreasonable delay, Plaintiffs' home has been contaminated by mold and other hazardous toxins.  Defendant further breached its contractual and good faith contractual duties by failing to communicate with its dry out/restoration contractor regarding the damages to Plaintiffs' home, necessary testing protocols and development of a restoration/remediation scope of work. Defendant further breached its contractual and good faith contractual duties by failing to communicate timely with Plaintiffs about their claim, scope of work, mold remediation and additional living expenses.  Defendant has unreasonably failed to

consider, evaluate, respond to or pay to repair estimates submitted by Plaintiffs.

### F. Count III: Punitive Damages

19. Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, hereby assert, allege and incorporate paragraphs 1-18 herein.

20. The unreasonable conduct of the Defendant, Liberty Insurance Corporation, in the handling of Plaintiffs' claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

21. The Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, hereby request that the matters set forth herein be determined by a jury.

### H. Prayer

22. Having properly pled, Plaintiffs, Karen Annette Foster-Blackwood, Jean Renee Blackwood-Foster and Patricia Kay Foster, hereby seek contractual, bad faith and punitive damages against the Defendant, Liberty Insurance Corporation, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 13167
McGrew, McGrew & Associates, PC
400 N. Walker Ave., Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 17th, 2017, I electronically transmitted the foregoing document, Amended Complaint, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing and sent via US Certified Mail to the following ECF registrants:

William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
NEWTON, O'CONNOR, TURNER
& KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, OK 74119-5423
**ATTORNEYS FOR DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA**

                                              s/Michael D. McGrew
                                              Michael D. McGrew