# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN ANNETTE FOSTER-BLACKWOOD, JEAN RENEE BLACKWOOD-FOSTER, PATRICIA KAY FOSTER, <br><br> Plaintiff, <br><br> v. <br><br> LIBERY INSURANCE CORPORATION, <br><br> Defendant. | Case No. CIV-17-1146-R |

## ORDER

Defendant filed a Motion to Dismiss (Doc. No. 10), seeking dismissal of the claims of Plaintiffs Karen Annette Foster-Blackwood and Jean Renee Blackwood-Foster, because neither was a named insured under the homeowners policy at issue herein. Plaintiffs responded in opposition to the motion and Defendant filed a reply in support of its position. Having considered the parties' submissions, the Court finds as follows.

The Amended Complaint herein alleges that Plaintiff Kay Foster is a citizen of Iowa City, Iowa and Plaintiffs Karen Annette Foster-Blackwood and Jean Renee Blackwood-Foster are citizens of Oklahoma. Plaintiffs allege they owned a home located at 10005 South Blackwelder in Oklahoma City that was damaged by a water leak on March 8, 2017. They assert Defendant issued a policy covering the premises, and in accordance therewith the Plaintiffs timely submitted a claim to Defendant. Despite the timely claim, Defendant has wrongfully withheld payment for all of the damaged building components as a result

of their unreasonable investigation that led to additional damage from mold, thereby breaching the contract and acting in bad faith. Plaintiffs seeks compensatory and punitive damages.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In deciding a motion under Rule 12(b)(6), the Court assumes that all of the plaintiffs' well-pleaded factual allegations are true and views them in the light most favorable to the plaintiffs. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). In support of its motion, Defendant attaches a copy of the Policy, asserting that conversion of the instant motion to a motion for summary judgment is not necessary because the Plaintiffs refer to the policy in the Complaint and the copy is indisputably authentic. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central

to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In response, Plaintiffs do not dispute the authenticity of the Policy submitted by Liberty, and accordingly, the Court will consider the Policy pursuant to the 12(b)(6) standard.

The alleged breach of contract by Defendant is identified in the Amended Complaint as follows:

> [I]mproper denial of Plaintiffs' claim and the failure to pay for covered damages to Plaintiffs' home, including water damage to Plaintiffs' drywall and insulation. Defendant, Liberty Insurance Corporation, further breached its contractual and good faith contractual obligations by conducting an unreasonable inspection which failed to account for all damaged building components including paint, drywall, and insulation. Defendant further breached its contract and its good faith contractual duties by failing to timely implement any qualified dry out/restoration vendors to properly dry out Plaintiffs' home to prevent the development, growth and distribution of mold and other fungal hazards throughout Plaintiffs' home. As a result of the Defendant's unreasonable delay, Plaintiffs' home has been contaminated by mold and other hazardous toxins. Defendant further breached its contractual and good faith contractual duties by failing to communicate with its dry out/restoration contractor regarding the damages to Plaintiffs' home, necessary testing protocols and development of a restoration/remediation scope of work. Defendant further breached its contractual and good faith contractual duties by failing to communicate timely with Plaintiffs about their claim, scope of work, mold remediation and additional living expenses. Defendant has unreasonably failed to consider, evaluate, respond to or pay to repair estimates submitted by Plaintiffs.

Amended Complaint, ¶ 15.

Under Oklahoma law, "[a]n insurance policy is to be treated as a contract" and is "enforced according to its terms." *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery,*

*Inc.*, 747 P.2d 947, 953 (Okla. 1987). "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others." Okla. Stat. tit. 15 § 157 (2016). "The terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties...." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). "The interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly." *Id.* Finally, as noted by Defendant, generally, a stranger to a contract may not seek relief under theories of breach of contract or the affiliated tort for violation of the duty of good faith and fair dealing. "Third parties may have standing to bring contractual or bad-faith claims against an insurer, however, where there is 'a contractual or statutory relationship between the insurer and the third party.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1229 (10th Cir. 2012)(quoting *McWhitier v. Fire Ins. Exch.*, 878 P.2d 1056, 1059 (Okla. 1994)).

The Declarations Policy at issue herein indicates that Patricia K. Foster is the "Named Insured," and there is no indication therein that either Karen Foster-Blackwood or Jean Blackwood-Foster is a party to the contract. Thus, if either is to continue as a party to this action, the Amended Complaint must contain allegations sufficient to plead third party beneficiary status thereunder. Plaintiffs Karen Foster-Blackwood and Jean Blackwood-Foster argue they can proceed under the contract because they fall within the Policy's definition of "Insured," meaning "you and residents of your household who are . . . Your relatives." "[Y]ou" and ""your" refer to the "named insured" shown in the Declaration and the spouse if a resident of the same household." Doc. No. 10-1, Policy 00 03 04 91, p. 1.

4

Plaintiffs rely on the definition of "Insured" and a recent case involving third party beneficiaries in support of their contention that the claims of all three may proceed. *See Hensley v. State Farm Fire and Casualty Co.*, 396 P.3d 11 (Okla. 2017)(remanding for a jury determination as to third party beneficiary status by the jury in light of facts established by summary judgment record).

"A third party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promissor and promisee." *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 141 (Okla. 2006). From review of the Policy, the term "Insured" is not used coextensively with the terms "you" and "your." Rather, the coverage inures primarily to the benefit of the named insured, with certain provisions extending to "Insured." "Section I – Property Coverages, Coverage A Dwelling," there is no reference to "insured" and the coverage is directed to the "residence premises" defined as ""the one family dwelling, other structures and grounds. . . where you reside.[1]" Additionally, the "Loss Payment" provision of the Policy provides "[w]e will pay you unless some other person is named in the policy or is legally entitled to receive payment." Although an "insured" beyond Ms. Foster may legally be entitled to recover for Personal Property damaged within the confines of the Policy, there is no such entitlement for damage to the Insured Premises under the Dwelling Coverage, the only coverage under the Policy implicated by Plaintiffs' current allegations.

Construing the non-conclusory allegations in favor of the Plaintiffs Blackwood-Foster and Foster-Blackwood, the Court finds that Defendant Liberty Insurance Company

---

[1] In contrast, personal property owned by an "insured' is covered, subject to certain conditions and exceptions, and liability coverage extends to an "insured," again under certain conditions and exceptions.

5

is entitled to dismissal of their claims as they have failed to allege they were either parties to or intended third party beneficiaries of the contract of insurance. Accordingly, Defendant's Partial Motion to Dismiss (Doc. No. 10) is hereby GRANTED.

    IT IS SO ORDERED this 6th day of February 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE